IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDGAR ENCARNACION-LAFONTAINE, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN HARRISON, ) <br> ) <br>    Respondent. ) | Case No. 2:23-cv-02652-SHL-atc |

**ORDER MODIFYING THE DOCKET, ADDRESSING PENDING MOTIONS, DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Edgar Encarnacion-Lafontaine, Bureau of Prisons register number 64452-054, an inmate at the Federal Correctional Institution in Memphis, Tennessee (ECF No. 1); Plaintiff's Motion, Pursuant to Fed. R. App. 23(b), for Release from Custody Pending the Court's Decision to Discharge Plaintiff Under Section 2241 Habeas Corpus ("Motion for Release from Custody") (ECF No. 6); Petitioner's Motion for an Order, to Substitute Respondent, and Directing Respondent to Show Cause Within 3 Days Why This Court Should Not Grant Habeas Corpus and Discharge Petitioner's Person from Custody ("Motion to Substitute Respondent and to Show Cause") (ECF No. 8); Petitioner's Motion to [Supplement] the Relief Sought in His Petition for Habeas Corpus ("Motion to Supplement") (ECF No. 9); and an Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended § 2241 Petition") (ECF No. 10). For the reasons that follow, the Court **GRANTS** the Motion to Substitute Respondent,

**DISMISSES** the § 2241 Petition, as amended, without prejudice for want of subject-matter jurisdiction, and **DENIES** the remaining motions as moot.

I.      BACKGROUND AND PROCEDURAL HISTORY

   A.    **Criminal Case**

On January 14, 2013, a federal grand jury in the Southern District of New York returned a five-count indictment against Encarnacion-Lafontaine. (*United States v. Encarnacion-Lafontaine*, No. 1:13-cr-00030 (S.D.N.Y.), Criminal ("Cr.") ECF No. 5.)  On April 2, 2013, the grand jury returned a five-count superseding indictment that also named a co-defendant.  (Cr. ECF No. 10.)  A six-count second superseding indictment was returned on January 6, 2014.  (Cr. ECF No. 41.)

After a jury trial, Encarnacion-Lafontaine was convicted of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841, 846 (Count 1); conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (Count 2); conspiracy to commit extortion in violation of 18 U.S.C. § 371 (Count 3); extortion in violation of 18 U.S.C. § 875(b) (Count 4); and conspiracy to commit witness tampering in violation of 18 U.S.C. 1512(k) (Count 6).  (See Cr. ECF No. 175.)  On April 3, 2015, the trial judge sentenced Encarnacion-Lafontaine to concurrent terms of sixty months imprisonment on Count 3 and 180 months imprisonment on all other counts, to be followed by a five-year period of supervised release.  (Cr. ECF No. 187.)  Judgment was entered on April 9, 2015.  (Id.)  Encarnation-Lafontaine appealed the judgment, but the United States Court of Appeals for the Second Circuit affirmed.  *United States v. Encarnacion-Lafontaine*, 639 F. App'x 710 (2d Cir. 2016).

### B. § 2255 Motion

On February 10, 2020, Encarnacion-Lafontaine filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), in which he claimed ineffective assistance of trial and appellate counsel. (*Encarnacion-Lafontaine* v. *United States*, No. 1:20-cv-01170-JSR-SLC (S.D.N.Y.), ECF No. 1.) On November 20, 2023, the petition was denied as time-barred. (Id. at ECF No. 32.)

### C. § 2241 Petition

On October 12, 2023, Encarnacion-Lafontaine filed his *pro se* § 2241 Petition. (ECF No. 2.) Although the issues are not clearly presented, it appears that Encarnacion-Lafontaine contends that he is being held in violation of the United States Constitution because the Government did not have standing to bring the criminal case, the prosecution was fraudulent, his right to a grand jury was violated, the indictment was forged, and there was no probable cause to arrest him. Encarnacion-Lafontaine seeks immediate release. (ECF No. 2 at PageID 15.) On January 2, 2024, Encarnacion-Lafontaine filed his Amended § 2241 Petition, which is substantially similar to the original § 2241 Petition. (ECF No. 10.)

On October 31, 2023, Encarnacion-Lafontaine filed his Motion for Release from Custody (ECF No. 6.), on November 22, 2023, he filed his Motion to Substitute Respondent and to Show Cause (ECF No. 8),[1] and on December 12, 2023, he filed his Motion to Supplement the Relief Sought (ECF No. 9).

---

[1] The Motion to Substitute Respondent is **GRANTED**. The Clerk is directed to substitute Warden Harrison for Warden Bowers as respondent. Fed. R. Civ. P. 25(d).

3

**II.    ANALYSIS**

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted).

In this case, Encarnacion-Lafontaine is attacking his conviction and, therefore, habeas relief under § 2241 is not available to him unless relief under § 2255 is inadequate or ineffective. Encarnacion-Lafontaine carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow[.]" *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In addition, "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

In his § 2241 Petition, Encarnacion-Lafontaine asserts that the remedy under § 2255 is inadequate or ineffective because "the sentencing court lack in personam jurisdiction over respondent Warden Bowers, my immediate custodian, and my person." (ECF No. 2 at PageID 6.) However, personal jurisdiction over the warden would not be required to file a § 2255 petition because the United States would be the sole respondent in that suit. Thus, Encarnacion-Lafontaine has not satisfied his burden of demonstrating that the § 2255 remedy is inadequate or ineffective, meaning that this Court lacks subject matter jurisdiction over the § 2241 Petition. As a result, the petition is **DISMISSED WITHOUT PREJUDICE** and the remaining pending motions are **DENIED** as moot.

### III.   APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file a motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because this Court does not have subject-matter jurisdiction over the petition, any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 22th day of February, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days of entry of this Order. *See* Fed. R. App. P. 24(a)(5).