IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDGAR ENCARNACION-LAFONTAINE, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN HARRISON, ) <br> Respondent. ) | No. 2:23-cv-02652-SHL-atc |

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is the Second Amended *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Second Amended Petition") of Petitioner Edgar Encarnacion-Lafontaine.[1] (ECF No. 16.) The Court dismissed Petitioner's first amended § 2241 petition on February 22, 2024, for lack of subject matter jurisdiction. (ECF No. 11 at PageID 77.) The Court construes his Second Amended Petition, which was filed more than twenty-eight days after the entry of the Court's order of dismissal, as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons that follow, the motion is **DENIED**.

**I.     BACKGROUND & PROCEDURAL HISTORY**

   **A.     Criminal Case**

A jury convicted Encarnacion-Lafontaine of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841, 846 (Count 1); conspiracy to

---

[1] When Encarnacion-Lafontaine filed his original § 2241 petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (ECF No. 2 at PageID 2.) He is currently under the supervision of the Residential Reentry Management Office in New York, New York, and is scheduled for release on August 15, 2024. *See* https://www.bop.gov/inmateloc/ (Register No. 64452-054) (last accessed August 2, 2024).

distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (Count 2); conspiracy to commit extortion in violation of 18 U.S.C. § 371 (Count 3); extortion in violation of 18 U.S.C. § 875(b) (Count 4); and conspiracy to commit witness tampering in violation of 18 U.S.C. 1512(k) (Count 6). (*United States v. Encarnacion-Lafontaine*, No. 1:13-cr-00030 (S.D.N.Y.), ECF No. 187.) On April 3, 2015, Petitioner was sentenced to concurrent terms of sixty months of imprisonment on Count 3 and 180 months of imprisonment on all other counts, to be followed by a five-year period of supervised release. (*Id.*) Petitioner appealed the judgment, but the United States Court of Appeals for the Second Circuit affirmed. *United States v. Encarnacion-Lafontaine*, 639 F. App'x 710, 715 (2d Cir. 2016).

### B.    § 2255 Motion

On February 10, 2020, Encarnacion-Lafontaine filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, in which he raised claims of ineffective assistance of trial and appellate counsel. (*Encarnacion-Lafontaine v. United States*, No. 1:20-cv-01170-JSR-SLC (S.D.N.Y.), ECF No. 1.) The motion was denied with prejudice on November 20, 2023, as time-barred. (ECF No. 32.)

### C.    § 2241 Petition & First Amended Petition

On October 12, 2023, Encarnaction-Lafontaine filed his original § 2241 petition. (ECF No. 2.) The issues were not clearly presented, but Petitioner appeared to allege that he was in custody in violation of the Constitution because the Government did not have standing to bring the criminal case against him, the prosecution was fraudulent, his right to a grand jury was violated, the indictment was forged, and there was no probable cause to arrest him. (*Id.* at PageID 9–11). Petitioner later filed an amended § 2241 petition, which was substantially similar to the original § 2241. (ECF No. 10.)

The Court concluded that Encarnacion-Lafontaine was attacking his conviction and not the execution of his sentence. (ECF No. 11 at PageID 79.) Habeas relief under § 2241 was therefore not available to him unless he could demonstrate that 28 U.S.C. § 2255(e), (the "savings clause") applied. (*Id*.) 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Although Petitioner previously filed an unsuccessful § 2255 petition, this was not enough to demonstrate that the remedy under § 2255 was "inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.").

Petitioner asserted in his original § 2241 petition that the remedy under § 2255 was inadequate or ineffective because "the sentencing court lack[ed] *in personam* jurisdiction" over his custodian—the warden at the FCI Memphis.[2] (ECF No. 2 at PageID 6.) As the Court explained, however, personal jurisdiction over the warden was not required to file a motion under § 2255 because "the United States would be the sole respondent in that suit." (ECF No. 11 at PageID 80.)

---

[2] In his first amended § 2241 petition, Petitioner alleged only that he has "no other adequate remedy" under which to seek habeas relief. (ECF No. 10 at PageID 70.)

3

Because Petitioner had failed to show that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," the Court concluded that the saving clause of 28 U.S.C. § 2255(e) did not apply. (*Id.*) The Court dismissed the first amended § 2241 petition without prejudice for lack of subject matter jurisdiction. (*Id.*)

### D.  Second Amended § 2241 Petition

Petitioner raises the same issues in his Second Amended Petition as those argued in his first amended petition. (*Compare* ECF No. 16, *with* ECF No. 10.) He continues to attack his underlying conviction by arguing that the warrant for his arrest was not supported by probable cause. (ECF No. 16 at PageID 92, 99.) He also reasserts his claim that the prosecution of him was fraudulent. (*Id.* at PageID 92.)

The Court construes the Second Amended Petition as a motion for relief from final judgment under Rule 60(b) because it raises no new habeas issues and because it was filed more than twenty-eight days from the Court's entry of the judgment of dismissal. *See In re Greektown Holdings, LLC,* 728 F.3d 567, 574 (6th Cir. 2013) (stating that a post-judgment motion "filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)").

## II.  ANALYSIS

Under Rule 60(b), a court may grant a party relief from a final judgment for one of several defined reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;

  (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

  A district court's discretion to grant relief from a judgment under Rule 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

  Nothing in Encarnacion-Lafontaine's Second Amended Petition, construed as a Rule 60(b) motion, suggests that the Court erred in dismissing his first amended § 2241 petition for lack of subject matter jurisdiction. (*See* ECF No. 16.) Petitioner has not shown that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," such that the saving clause of § 2255(e) would apply. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied." *Charles*, 180 F.3d at 756.

  Because the Court correctly determined that it was without jurisdiction to address the merits of the first amended § 2241 petition, the Motion seeking relief is **DENIED**.

  **IT IS SO ORDERED** this 7th day of August, 2024.

                s/ Sheryl H. Lipman
                SHERYL H. LIPMAN
                CHIEF UNITED STATES DISTRICT JUDGE